OPINION OF THE COURT — By tiie
How. EDWARD TURNER.
This cause was tried at the last term of the Franklin Circuit Court. It is an action on the case for work and labor, and other promises. The defendant pleaded non assumpsit — payment and set off — on which'issues to the country were joined, ,at April term 1825 — at the last March term, the defendant filed the plea of former recovery for the same cause of action. The plaintiff replied, nul-tiel record, and thereupon issue was joined. The cause was tried on the two first pleas before the jury, and verdict obtained in favor of the plaintiff for $600 83, of which the plaintiff released $131 63 and prayed judgment for the balance; and on the issue of nul tiel record, to the plea of former recovery, the court doubting, as to the law and rule of decision, referred the said plea &c. to this court for decision.
It appears by the report of the judge, before whom the cause was tried, and by the record, that on a certain day in the same term, previous to the trial of this cause, the case relied on in this plea had been tried, and a ver • diet of a jury rendered for the plaintiff, on the agreement to arbitrate, set *220 forth in the plea, that the term not being ended, that no formal judgment had been prayed for or entered, and that all was in paper, except the pro ■ ceedings of the court, the verdict, &c. and whether those proceedings can be considered as a recovery and judgment, and if they are, then whether they are for the same cause of action, as mentioned in the plaintiff’s declaration, are the questions reserved and referred for decision to the supreme court.
To constitute an available defence under the plea of former recovery, it is requisite that the defendant shall show a judgment of the court, as stated in the plea. In this case, no such judgment, either tacit, express, or implied, has been shown. According to the practice which has prevailed in this state, in cases tried by jury, if no proceedings are had, to stay or arrest the judgment, during the term at which such verdict is rendered, there is &n implied judgment, on the rising of the court, and the record is made up accordingly. In other cases, as on the pica of nul, tiel record, demurrer, &c. the judgment may be expressly given — and in another class under the 67th sec. of the circuit court law, Rev. code 120, the judgment is considered final, on the last day of the term, without any act of the court, ordering or. signing judgement. In other cases, such as the present, ifthe party who obtains the verdict of the jury in his favor, desires the judgment of the court thereon, previous to the rising of the court, such party may move the court for judgment, and it may be granted, unless cause be shown to the contrary.'
As to the subject matter of the supposed recovery pleaded in bar in this case, the court expresses no opinion. It is not fairly before us. It might haye been brought before the court below, on a plea in abatement of the pendency of the suit, &c. or the defendant may possibly avail himseli of this defence in some other mode. All we feel that we are called on by law to determine on the case as referred to us, is that the replication to the plea of former recovery be sustained, and judgment be rendered in favor of the plaintiff.
Judges Child and Black concurred.